ENRIQUE BÁEZ GARCÍA, Plaintiff and Appellee, *v.* ALEJANDRINA, MARÍA TRIFONA, known as TRINA, and SABÁS HONORÉ Y RIVERA, Defendants and Appellants.

No. 7999. Argued February 11, 1941.—Decided March 12, 1941.

212

*Pascasio Fajardo Martínez,* for the appellants. *Enrique Báez García, pro se.*

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

This case deals with an action for the collection of attorney's fees for services rendered by the plaintiff attorney to the defendant.

A complaint was filed in the District Court of Mayagüez by Dr. Rafael U. Lange against the Heirs of Mr. Víctor Honoré for the collection of $11,750 professional fees, for medical services rendered to the testator and the defendants herein. The Attorney Alemañy Sosa represented the defendants at first, and when he withdrew from the case after a motion for nonsuit had been overruled, the plaintiff herein assumed the representation of the defendants until the termination of the suit. Once the complaint had been dismissed and the plaintiff condemned to pay the costs, expenses and attorney's fees, Dr. Lange appealed to this Court and the judgment was affirmed on June 9, 1937. (51 P.R.R. 690). The memorandum of costs filed in the district court amounted to $5,106; the memorandum which was approved amounted to $706 and the defendants not being in accord with the reduction from $5,000 to $600 made in the item for the attorney's fees, appealed to this Court and the order appealed from was affirmed by judgment rendered on May 31, 1938 (53

P.R.R. 223). The amount of $706 paid by Dr. Lange under the judgment rendered against him was delivered to the defendants herein.

In the complaint which was filed in the case at bar the plaintiff attorney alleges that after the facts which we have stated had taken place, he submitted to the defendants his bill for attorney's fees amounting to the sum of $3,000 and that the defendants have refused to pay the same.

In their answer, the defendants have specifically denied the following facts: (a) that the plaintiff was forced to abandon all his other professional occupations to devote himself to defendants' case; (b) that the plaintiff frequently visited the home of the defendants in regard to said lawsuit and especially that he did so at any time during the night, alleging to the contrary that it was the defendant, Sabás Honoré, who took charge of furnishing the plaintiff with all the evidence; (c) that the memorandum of costs was filed in agreement with the defendants, alleging to the contrary that said memorandum was drawn by the plaintiff attorney and not by defendants who are not familiar with the laws regulating the matter of costs; (d) that the defendants were not satisfied with the memorandum approved by the district court and affirmed by the Supreme Court and that they ordered the plaintiff to appeal, alleging to the contrary that the defendants considered the amounts granted just and reasonable and that it was the plaintiff who appealed for his own benefit and with the purpose of collecting for his services an amount greater than the one which was awarded. The defendants allege that they have offered to pay to the plaintiff the amount of $600 as the reasonable value of his professional services and request that judgment be entered against them for said amount.

The case was heard and the district court rendered judgment condemning the defendants to pay to plaintiff the amount of $2,500 as fees for his professional services ren-

dered in the defense of the case before the lower court and in the two appeals had before this Court, without costs.

The sole issue set forth by the defendants-appellants which is worthy of consideration is the one in regard to whether or not the amount awarded by the lower court is, as they allege, unjust and excessive.

In the opinion on which he based the judgment appealed from, the trial judge stated the following:

"When the court awarded the amount of $600 as attorney's fees it considered only the services rendered by the Attorney Báez García during the trial of the case before the district court, which services were the only ones which this court could consider, in accordance with what has been held by the Supreme Court in the following cases: (*Nicot* v. *Valdecilla et al.,* 29 P.R.R. 495, and *Laborde* v. *López,* 29 P.R.R. 499). As may be seen by the above cited cases, when this court assessed at $600 the attorney's fees, it could not consider any professional services but those rendered by the attorney in the district court during the trial of the case on the 9th, 13th and 19th of December of 1932, as well as the preparation of the corresponding briefs upon submitting the case."

It is true that the trial judge stated that, when he assessed the amount of the fees which should be paid by the losing party, he considered that Dr. Lange had not been stubborn and that it was due to this that he reduced the professional fees to the amount of $600. But if notice is taken of the fact that plaintiff took charge of the suit after the trial had begun, when the evidence of the plaintiff had been offered and a motion for nonsuit had been filed and that all the prior services—study of the case, demurrers, motion for a bill of particulars, answer to the complaint and the filing of several pleadings, preparation of the case for trial and attendance at the same until the termination of the evidence for the plaintiff—were rendered by the Attorney Alemañy and paid by the defendants, the conclusion is inevitable that the sum of $600 originally fixed by the district court is a just and reasonable compensation for all the services ren-

dered by the plaintiff to the defendants in the defense of the case before the district court.

As the lower court did not make any reassessment of the value of the services rendered before it by the plaintiff, we have to assume that from the total amount of $2,500 awarded to the plaintiff $600 belonged to the services rendered before the district court and that the remaining $1,900 have been awarded as compensation for professional services in regard to the two appeals had before this Court.

Is the amount of $1,900 as fees for the services rendered in the two appeals had before this Court a just and reasonable one? The plaintiff states in his brief: "If the statement of the case is examined it may be seen that the greater part of the services rendered by the Attorney Báez García to the brothers Honoré were rendered after judgment had been entered." Let us see what these services covered.

The first appeal, *Lange* v. *Honoré,* (51 P.R.R. 690), was filed by Dr. Lange against the judgment which held that the action to claim the amount of $11,750 from the heirs of Honoré had prescribed. As is natural, the work necessary to perfect the appeal—preparation of the transcript and of the judgment roll—was made by the attorney of the appellant. The only issue involved was whether or not the lower court had committed error in holding that the action had prescribed. That issue was argued at length before the lower court and the defendants filed two briefs, each one consisting of 52 pages before said court. The one which was filed in this Court to uphold the same contention consisted of 112 pages which shows that it was a repetition of the arguments submitted to the lower court.

The second appeal was taken by the defendants who were not in accord with the amount awarded to them as attorney's fees. It was dismissed for not having been perfected by filing on time a complete record.

Considering the amount involved in the suit and the simplicity of the legal questions in issue in both appeals, we are

òf the opinion that the sum of $1,900 is excessive and that the amount of $200 as attorney's fees for the first appeal and that of $100 for the second, will compensate justly and reasonably the plaintiff-appellee for his services.

For the reasons set forth, the judgment appealed from must be modified, reducing to $900 the total amount which the defendants Alejandrina, María Trifona, known as Trina, and Sabás Honoré y Rivera will have to pay jointly and severally, to the plaintiff, and the judgment thus modified is affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.